**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BRANDON ERWIN,**

    Petitioner,

v.                                                     **Case No. 8:10-cv-2781-T-30EAJ**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER and NOTICE OF EVIDENTIARY HEARING**

THIS CAUSE comes before the Court upon Petitioner's timely Motion to Vacate, Set Aside, or Correct Sentence (Dkt. #1), the Government's response (Dkt. #6), and Petitioner's Reply (Dkt. #7). Petitioner ("Erwin") raises the following four (4) grounds:

**Ground One:** Attorneys rendered ineffective assistance for failing to communicate plea offers, to explore plea offers, to negotiate a plea, to explain to Movant his options. Also, affirmatively misadvising Movant about debriefing, pleading guilty to original indictment, and not negotiating a plea prior to and after the superseding indictment was returned.

**Ground Two:** Attorneys rendered ineffective assistance at trial for conceding Movant's guilt. Movant was thus effectively denied counsel.

**Ground Three:** Attorneys rendered ineffective assistance of counsel for failing to conduct any pretrial investigation as to major drug distributor Ryan Glendy, who managed the Blue Martini and was present at the Blue Martini the night of Andrew Culver's death. And who also previously supplied drugs to the patrons of the club. Prior to trial, Movant had informed his attorneys of Glendy but they failed to pay attention or conduct any investigation. This proved detrimental at trial because in order to create a reasonable doubt it was necessary to show that

     someone else could have supplied the drugs to Culver before his death. And the government's own CI (Wilkinson) during trial stated that Glendy was a supplier of drugs – but based on the lack of investigation counsel was not able to cross or link this issue to the drugs used by Culver which resulted in his death.

**Ground Four:**  Title 21 U.S.C. 841(b)(1)(C) is unconstitutional, and the statute and/or penalty provision violates Movant's constitutional rights. Counsels also rendered ineffective assistance for not raising this issue.

## Standard of Review

Title 28 U.S.C. § 2255 provides that a petitioner can seek collateral review to vacate and set aside the judgment if the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the prisoner's constitutional rights as to render the judgment vulnerable to collateral attack.

Erwin alleges a denial of his constitutional Sixth Amendment right to counsel. The standard to determine whether the right to effective assistance of counsel has been violated is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Counsel is presumed competent to assist a defendant; the burden is on the petitioner to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). To vacate the conviction, the petitioner must show "by a preponderance of competent evidence," *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000), that (1) counsel's performance fell below an objective

standard of reasonable professional assistance and (2) Defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. 668 at 687, 694.

## Background

The Government has accurately described the background of this case as follows:

> On October 5, 2006, a grand jury returned a superseding indictment charging Erwin with conspiring to possess cocaine, methadone, and MDMA (3, 4-methylenedioxymethamphetamine, also known as ecstacy) with the intent to distribute them, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (count one); distributing methadone and cocaine, the use of which resulted in the death of Andrew Culver, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count two); distributing MDMA, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (counts three and five); and distributing methadone, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) (count four). Doc. CR-54.
>
> Erwin proceeded to trial, and the jury found him guilty of all five counts. On October 17, 2007, the Court sentenced Erwin to serve a total term of imprisonment of 240 months for all counts.
>
> Erwin directly appealed his final judgment to the United States Court of Appeals for the Eleventh Circuit raising the following issue:
>
> > Prosecutorial misconduct in summation violated Brandon Erwin's Fifth Amendment right to a fair trial.
>
> On September 21, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed Erwin's conviction. United States v. Erwin, 345 Fed. App'x 482 (11th Cir. 2009) (unpublished).

## Discussion

**Ground One:**   Attorneys rendered ineffective assistance for failing to communicate plea offers, to explore plea offers, to negotiate a plea, to explain to Movant his options. Also, affirmatively misadvising Movant about debriefing, pleading guilty to original indictment, and not negotiating a plea prior to and after the superseding indictment was returned.

For Ground One, an evidentiary hearing is necessary to explore the communications between Erwin and his defense counsel. The Magistrate is requested to appoint counsel to represent Erwin at the evidentiary hearing. The United States Marshal is directed to transport

Erwin to the Tampa Bay area at least two weeks prior to the hearing for the purpose of meeting with counsel. The Government is directed to subpoena former defense counsel and his/her files concerning the defense of this case through trial.

**Ground Two:** Attorneys rendered ineffective assistance at trial for conceding Movant's guilt. Movant was thus effectively denied counsel.

In Ground Two, Erwin contends that his defense counsel conceded his guilt at trial to all counts. But Erwin does not point to any specific comment in the record by which defense counsel conceded his guilt. He merely points to the Government's statements in opposition to his direct appeal. This Ground could be summarily denied for lack of specificity. Rather than do so, this Court will give Erwin the opportunity to identify the specific portions of the record he contends constitute a concession of his guilt. This citation to the record must be done in writing, filed with the Court, and a copy served on the Government at least one (1) week prior to the evidentiary hearing.

**Ground Three:** Attorneys rendered ineffective assistance of counsel for failing to conduct any pretrial investigation as to major drug distributor Ryan Glendy, who managed the Blue Martini and was present at the Blue Martini the night of Andrew Culver's death. And who also previously supplied drugs to the patrons of the club. Prior to trial, Movant had informed his attorneys of Glendy but they failed to pay attention or conduct any investigation. This proved detrimental at trial because in order to create a reasonable doubt it was necessary to show that someone else could have supplied the drugs to Culver before his death. And the government's own CI (Wilkinson) during trial stated that Glendy was a supplier of drugs – but based on the lack of investigation counsel was not able to cross or link this issue to the drugs used by Culver which resulted in his death.

In Ground Three, Erwin contends that his attorneys rendered ineffective assistance of counsel for failing to conduct pre-trial investigation into others who may have supplied the drugs to Andrew Culver that caused his death. Specifically, Erwin contends that his counsel

should have investigated Ryan Glendy, manager of the bar in which Erwin worked. Erwin asserts that Glendy also supplied drugs to patrons of the bar.

This ground fails because it constitutes nothing more than speculation that additional investigation would have turned up facts that would have changed the outcome of the trial. To prevail on this issue, it is incumbent upon a petitioner to set forth specific evidence, i.e. identification of the person, other than Erwin, who supplied the drugs that caused Culver's death, and the name and address of witnesses who would provide such testimony. *Hodges v. U.S.*, 316 F. Supp. 2d 688 (S.D. Ill. 2004).

Rather than specific information that would have changed the result of the trial, Erwin asserts that additional investigation only would have shown the possibility that "someone," including perhaps Glendy, could have provided the drugs to Culver that resulted in his death. Erwin overlooks that his counsel, at trial, did raise the suggestion to the jury that others may have provided the drugs to Culver. On cross examination, the confidential informant, Stephen Wilkinson, acknowledged that he thought Glendy was the one selling all of the drugs at the Blue Martini and other witnesses, including Derrick Dunn and Marzel Caldwell, testified that others in the Blue Martini sold drugs.

Therefore, Erwin fails both prongs of *Strickland* because he has not shown that his counsel performed deficiently or that the result of the trial would have been different had his counsel performed additional pre-trial investigation.

**Ground Four:** Title 21 U.S.C. 841(b)(1)(C) is unconstitutional, and the statute and/or penalty provision violates Movant's constitutional rights. Counsels also rendered ineffective assistance for not raising this issue.

In Ground Four, Erwin contends that he was convicted under an unconstitutional statute, to wit: Title 21 U.S.C. § 841(b)(1)(C):

(b) Penalties

1. Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:

**(1)(A)** In the case of a violation of subsection (a) of this section involving--

**(I)** 1 kilogram or more of a mixture or substance containing a detectable amount of heroin;

**(ii)** 5 kilograms or more of a mixture or substance containing a detectable amount of--

**(I)** coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

**(II)** cocaine, its salts, optical and geometric isomers, and salts of isomers;

**(III)** ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

**(IV)** any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

**(iii)** 280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

**(iv)** 100 grams or more of phencyclidine (PCP) or 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP);

**(v)** 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

**(vi)** 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide;

**(vii)** 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1,000 or more marijuana plants regardless of weight; or

**(viii)** 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $10,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $20,000,000 if the defendant is an individual or $75,000,000 if the defendant is other than an individual, or both. If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence. Notwithstanding section 3583 of Title 18, any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

**(B)** In the case of a violation of subsection (a) of this section involving--

**(I)** 100 grams or more of a mixture or substance containing a detectable amount of heroin;

**(ii)** 500 grams or more of a mixture or substance containing a detectable amount of--

**(I)** coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;

**(II)** cocaine, its salts, optical and geometric isomers, and salts of isomers;

**(III)** ecgonine, its derivatives, their salts, isomers, and salts of isomers; or

**(IV)** any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

**(iii)** 28 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

**(iv)** 10 grams or more of phencyclidine (PCP) or 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP);

**(v)** 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

**(vi)** 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 10 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide;

**(vii)** 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight; or

**(viii)** 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years and if death or serious bodily

injury results from the use of such substance shall be not less than 20 years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $5,000,000 if the defendant is an individual or $25,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $8,000,000 if the defendant is an individual or $50,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.

**(C)** In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision

of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

This claim is procedurally barred. It should have been raised before trial and on direct appeal. Erwin did neither. Erwin tries to avoid the procedural bar by casting this argument as an ineffective assistance of counsel claim. It is therefore procedurally barred. *Bousley v. United States*, 523 U.S. 614 (1998).

This claim also fails because Erwin is wrong on the law. He argues that other subsections of the statute are more serious, but when death occurs, all subsections carry the same penalty. He contends this is unconstitutional because more serious offenses must carry more serious penalties. He cites no cases in support of his claim. And, to the contrary, Congress is certainly authorized to raise all offenses under the statute to the same penalty when death is caused by the distribution of the drugs.

Erwin does cite cases for the proposition that if more serious crimes carry the same penalty as a less serious crime, the less serious crime may not be a lesser included offense and may not be considered a separate crime. *Solem v. Helm*, 463 U.S. 277 (1983); *United States v. Burton*, 871 F. 2d 1566 (11th Cir. 1989). But these arguments do not render a statute unconstitutional just because Congress happens to think that the penalty for these separate offenses should be the same when death results from the drugs provided.

For the reasons stated, Ground Four fails because it is procedurally barred and lacks merit.

It is therefore ORDERED AND ADJUDGED that:

1.     Grounds Three and Four are denied.

    2.    Grounds One and Two will be heard at an evidentiary hearing on **WEDNESDAY, JULY 20, 2011, AT 9:45 A.M.** at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602. Time reserved: Two (2) hours.

    3.    The Government is directed to subpoena former defense counsel to be present at the hearing with their files concerning their representation of Petitioner.

    4.    Magistrate Judge Elizabeth A. Jenkins is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the issues remaining in Petitioner's §2255 motion.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2011.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Elizabeth A. Jenkins
AFPD Donald R. West
Attorney Rachel May Zysk
Counsel/Parties of Record
United States Marshal

S:\Odd\2010\10-cv-2781.evid hearing.wpd